IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ANDERSON, individually and on behalf of classes of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) | |
| CHARTER COMMUNICATIONS, INC., d/b/a SPECTRUM, a Delaware corporation, | ) ) ) ) | |
| *Defendant*. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Christopher Anderson ("Plaintiff") brings this class action complaint against Defendant Charter Communications, Inc., d/b/a Spectrum ("Spectrum") to stop Defendant's unlawful telephone solicitation practices and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. In a misguided effort to market its cable television, internet, and telephone services, Defendant, a provider of such products and services, violated federal law by placing unsolicited telemarketing calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of thousands of consumers nationwide.

2. By effectuating these unauthorized automated calls ("robocalls"), Defendant has violated the called parties' statutory rights and has caused such call recipients actual harm, not

1

only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited telephone solicitation calls, but also because the called parties, like Plaintiff, must frequently pay their cellular phone providers for receiving such calls or incur a usage allocation deduction from their calling plans.

3. In order to redress these injuries, Plaintiff, on behalf of himself and three nationwide classes brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated cellular telephone calls.

4. On behalf of the classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized automated telephone calls, and an award of actual and statutory damages to the members of the classes, together with costs and reasonable attorney's fees.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant conducts business in this District; Defendant provides its cable television, internet and other telephony services in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as certain of the unauthorized robocalls originated from phone numbers utilized by Defendant in this District.

## PARTIES

7. Plaintiff is a resident of the State of Wisconsin.

8. Defendant is a nationwide provider of cable television, internet, and telephone services. Spectrum is a Delaware corporation with its principal place of business located in St. Louis, Missouri. Spectrum conducts business in this District, and conducts business elsewhere throughout the United States.

## COMMON ALLEGATIONS OF FACT

9. Defendant is a nationwide provider of cable television, internet, and telephone services.

10. In an effort to promote its services, Defendant established a telemarketing calling operation that placed unsolicited telephone calls using an ATDS to hundreds or thousands of consumers advertising Defendant's cable television, internet, and telephone services.

11. Starting at least as early as 2015, Defendant directed the mass transmission of such unsolicited robocalls to the cell phones nationwide of what it hoped were potential customers of Defendant's services.

12. Indeed, beginning in or about 2017, in an apparent effort to sell its telecommunications services to Plaintiff, Defendant began placing robocalls to Plaintiff's cellular telephone.

13. Upon information and belief, these automated solicitation calls, including the calls made to Plaintiff, were placed *en masse* using "predictive dialing" technology, which automatically places calls without human intervention until the called party answers the call, at which time such automatic dialer attempts to connect the called party with a human representative.

14. When Plaintiff would answer the phone calls, the call would be connected to Defendant's automated calling operation and a sales representative would eventually come on the line and attempt to make a "sales pitch" promoting cable television and other services offered by Defendant.

15. For example, most recently, in or about April 2017 Plaintiff received yet another unauthorized robocall from Defendant. When Plaintiff answered the call, a sales associate introduced themselves, stated that they were calling on behalf of Defendant, and proceeded to make a sales pitch.

16. Plaintiff received these unwanted and unsolicited robocalls several times over the past several months preceding the filing of this complaint.

17. At no time did Plaintiff provide Defendant with consent, including any written consent, to place any telephone calls, including any calls made through an ATDS, to his cellular telephone number. Nor did Plaintiff have a prior established business relationship with Defendant.

18. In fact, Plaintiff repeatedly asked Defendant's call agents to stop placing any further calls to his number. Nonetheless, Plaintiff's requests were disregarded and Defendant continued to place unauthorized telemarketing calls to his cellular telephone.

19. Furthermore, Defendant placed a number of these unauthorized calls even after Plaintiff took the necessary steps to register his cellular telephone number with the National Do-Not-Call Registry.

20. The unauthorized robocalls placed by Defendant invaded Plaintiff's privacy, forced him to spend significant amounts of time investigating their source, and repeatedly interfered with his use of his cellular telephone over a matter of months

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and the following classes (together, the "Classes") defined as follows:

(i) The Called Party Class: All persons in the United States and its Territories who, since October 16, 2013, received one or more telephone solicitation calls on their cellular telephone from Defendant placed through an automatic telephone dialing system without providing prior express written consent to receive such phone calls.

(ii) The Do-Not-Call Class: All persons in the United States and its Territories who did not provide Defendant prior express written consent to receive telephone solicitation calls and within four years prior to the commencement of this litigation received at least two telephone solicitation calls from Defendant in a 12-month period promoting Defendant's service which were received more than 31 days after the recipient's telephone number was registered with the National Do-Not-Call Registry.

(iii) The Revocation Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls from Defendant on their cellular telephone placed through an automatic telephone dialing system after communicating to Defendant, as shown by Defendant's records, a request that Defendant stop placing any calls to that telephone number.

22.	Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

23.	Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

24.	Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

25.	The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

26.	Upon information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

27. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

(a) Did Defendant place telephone solicitation calls using an automatic telephone dialing system after October 16, 2013 to persons who did not previously provide Defendant with prior express written consent to call their respective cellular telephone numbers?

(b) Did Defendant systematically continue to place calls using an automatic telephone dialing system to persons who communicated to Defendant that they did not consent to receive such calls from Defendant?

(c) Did Defendant systematically place solicitation calls to individuals who were registered on the National Do-Not-Call Registry?

(d) Did the unauthorized calls made by Defendant violate the TCPA?

(e) Did the calls made by Defendant violate the called parties' respective rights to privacy?

(f) Was Defendant's conduct in violation of the TCPA willful such that the members of the Classes are entitled to treble damages?

(g) Should Defendant be enjoined from continuing to engage in such conduct?

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Called Party and Revocation Classes

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant made unauthorized telephone solicitation calls after October 16, 2013 without prior express written consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Called Party Class and Revocation Class.

30. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

31. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

32. As a result of Defendant's illegal conduct, the members of the Called Party Class and Revocation Class have had their privacy rights violated, have suffered statutory and actual damages, and, under 47 U.S.C. § 227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

33. As a result of Defendant's willful conduct as to the Plaintiff and the other members of the Revocation Class, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Revocation Class.

## COUNT II
**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)(5))
on behalf of the Do-Not-Call Class**

34. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

35. Defendant made at least two telephone calls in a 12-month period to the telephone number of Plaintiff and the other members of the Do-Not-Call Class that solicited Defendant's telecommunications services.

36. Each such call was placed more than 31 days after Plaintiff and the other members of the Do-Not-Call Class had registered their respective phone numbers with the National Do-Not-Call Registry.

37. Plaintiff and the other members of the Do-Not-Call Class never gave prior express written consent to Defendant to receive such telephone solicitation calls.

38. Defendant's conduct violated the TCPA, 47 U.S.C. § 227(c)(5) and its implementing regulations 47 C.F.R. 64.1200(c)(2) and 47 C.F.R. 64.1200(e).

39. As a result of Defendant's illegal conduct, the members of the Do-Not-Call Class have had their privacy rights violated, have suffered statutory and actual damages, and, under 47 U.S.C. § 227(c)(5)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

WHEREFORE, Plaintiff, on behalf of himself and the Classes, prays for the following relief:

A. An order certifying the Classes as defined above;

B. An award of actual and statutory damages;

    C.      An injunction requiring Defendant to cease all unauthorized automated telephone activities;

    D.      An award of reasonable attorney's fees and costs; and

    E.      Such further and other relief as the Court deems just or equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 27, 2017

Respectfully submitted,

CHRISTOPHER ANDERSON, individually and on behalf of classes of similarly situated individuals

By: /s/ Eugene Y. Turin
One of Plaintiff's Attorneys

Myles McGuire
Eugene Y. Turin
Paul T. Geske
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
eturin@mcgpc.com
pgeske@mcgpc.com