**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER ANDERSON, individually and on behalf of classes of similarly situated individuals, | Case No. 17-cv-03181 |
| Plaintiff, | Judge Sara L. Ellis |
| v. | Magistrate Judge Sheila Finnegan |
| CHARTER COMMUNICATIONS, INC., d/b/a SPECTRUM, a Delaware corporation, | |
| Defendant. | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | RELEVANT FACTUAL BACKGROUND | 2 |
| | A. Defendant's Business Operations and Insubstantial Illinois Footprint. | 2 |
| | B. None of the Conduct Alleged in this Litigation Has Any Connection to Illinois. | 3 |
| III. | ARGUMENT | 4 |
| | A. This Court Lacks Specific Jurisdiction Over Defendant Because the Underlying Facts Have No Connection with Illinois and Defendant Lacks Systematic and Continuous Contact with Illinois. | 5 |
| | B. Defendant is Not Subject to General Jurisdiction Because it Lacks Corporate Operations in Illinois and is Not "at Home" in Illinois. | 8 |
| IV. | CONCLUSION | 11 |

## I. INTRODUCTION

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, this Court should dismiss Plaintiff Christopher Anderson's ("Plaintiff's") Complaint for lack of personal jurisdiction over Defendant Charter Communications, Inc. Simply put, Plaintiff is attempting to establish jurisdiction in a forum that has *no* connection to the underlying claims at issue. Plaintiff's two causes of action are predicated solely on alleged violations of the federal Telephone Consumer Protection Act ("TCPA") arising from calls Defendant purportedly placed to Plaintiff's cell phone. Plaintiff, however, resides in *Wisconsin* (not Illinois) and has a *Wisconsin* (not Illinois) phone number. Defendant did not call Plaintiff from Illinois, use an Illinois phone number to call Plaintiff, or arguably cause damage or injury to Plaintiff in Illinois or from Illinois. Indeed, *none* of the facts and circumstances giving rise to this action occurred in Illinois or were directed at Illinois, depriving this Court of specific jurisdiction over Defendant.

Nor does this Court have general jurisdiction over Defendant under binding Supreme Court and Seventh Circuit precedent because Defendant (a) is not incorporated in Illinois, (b) does not maintain its principal place of business in Illinois, and (c) is not "at home" in Illinois under applicable law. As to (c), Defendant is not registered to do business in Illinois, has no business operations, real estate, or employees in Illinois, and does not pay taxes in Illinois. Moreover, to the extent Defendant's separate subsidiaries' and affiliates' (collectively, the "Spectrum Entities'") operations could be considered for purposes of personal jurisdiction (they cannot under black-letter law),[1] such operations are a sliver of the Spectrum Entities' nationwide

---

[1] *Abelesz v. OTP Bank*, 692 F.3d 638, 658–59 (7th Cir. 2012) (holding that jurisdictional contacts of parent or subsidiary corporation cannot be imputed to each other, absent showing that parent exerts "unusually high degree of control" over subsidiary or subsidiary's "corporate

1

operations and therefore are insufficient to render Defendant "at home" in Illinois.  For example, the Spectrum Entities employ *less than one half of one* percent of their over 91,000 employees in Illinois, provide services to *less than one percent* of their subscribers in Illinois, derive *less than one percent* of their total revenue from their Illinois operations, and own or lease *less than a fraction of one percent* of their total real estate in Illinois.  Federal courts, including this Court, routinely dismiss cases for lack of personal jurisdiction where the defendants have significantly *more* material, systematic, and continuous contacts with the forum state.

Accordingly, for the reasons discussed below, this Court should dismiss Plaintiff's Complaint for lack of both specific and general personal jurisdiction.

## II. RELEVANT FACTUAL BACKGROUND

### A. Defendant's Business Operations and Insubstantial Illinois Footprint.

Defendant is a publicly-traded company that performs certain business functions for its affiliates ("the Spectrum Entities"), which in turn provide cable, internet, and telephone services in 42 states.  (Declaration of Christy Flores ¶ 5 ("Flores Dec."), filed contemporaneously.)  Defendant is a Delaware corporation with its principal place of business in Stamford, Connecticut.  (*Id*. ¶ 6.)  Defendant is not registered to do business in Illinois, and has no business operations or corporate offices in Illinois.  (*Id*. ¶ 7.)  Rather, the Spectrum Entities conduct limited business in Illinois.  (*Id*. ¶ 8.)

The Spectrum Entities have over 91,000 employees nationwide, only 304 of whom work in Illinois.  (*Id*. ¶ 9.)  That is .03 percent of the Spectrum Entities' workforce.  (*Id*.)  None of the Spectrum Entities' employees in Illinois are executive level employees.  (*Id*. ¶ 10.)  Defendant, in contrast, has no employees in Illinois.  (*Id*. ¶ 11.)  The Spectrum Entities also own or lease

---

existence is simply a formality") (quoting *Purdue Res. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788 n.17 (7th Cir. 2003)).  Plaintiff has not alleged such control here.

approximately 103,000 square feet of space in Illinois for their operations, including, for example, hubs, a tower, a data center, storage space, retail, and office space, compared to approximately 26 *million* square feet that the Spectrum Entities own or lease nationwide (just .003 percent of the total). (Flores Dec. ¶ 12.) Defendant, in contrast, does not own or lease any real property in Illinois. (Flores Dec. ¶ 13.)

The Spectrum Entities provide services to approximately 160,000 subscribers in Illinois (almost exclusively in Southwestern Illinois, outside this judicial district). (Flores Dec. ¶ 14.) But the Spectrum Entities have over 25 million subscribers nationwide, meaning just .6 percent of the Spectrum Entities' total subscribers reside in Illinois. (*See* Flores Dec. ¶¶ 14-15.) Similarly, the Spectrum Entities earn approximately .7 percent (again, *less than one percent*) of their revenue from Illinois operations and 99.3 percent of their revenue from the remainder of their operations in 41 other states. (Flores Dec. ¶ 16.)

### B. None of the Conduct Alleged in this Litigation Has Any Connection to Illinois.

Plaintiff is a resident of Wisconsin and has a Wisconsin phone number (414-XXX-XXXX), the number at which he claims to have received unauthorized calls from Defendant. (*See* Declaration of Ryan Watstein ("Watstein Dec.") ¶ 5 & Ex. A; Compl. ¶ 7.) Although Plaintiff makes the unsupported allegation in the Complaint that he received calls from Defendant that "originated from" Illinois—his *sole* allegation in the entire Complaint as to the basis of personal jurisdiction—that allegation is false. Indeed, neither Defendant nor the Spectrum Entities operate call centers in Illinois. (Flores Dec. ¶ 17.) Defendant has further confirmed that neither it nor the Spectrum Entities called Plaintiff from Illinois or using an Illinois telephone number. (*Id.* ¶ 18.) Further, none of the vendors the Spectrum Entities

contract with for marketing purposes called Plaintiff from Illinois or using an Illinois telephone number. (*Id.*)

When Defendant requested that Plaintiff's counsel provide it with the phone numbers from which Plaintiff claims to have received unauthorized calls, Plaintiff's counsel represented to Defendant that the calls were placed from a *Wisconsin* telephone number (262) 214-1277 and a 1-800 number (800-314-7195) that did not originate in Illinois. (Watstein Decl. ¶ 5, 9 & Exs. A, C; Flores Dec. ¶ 18.)

### III. ARGUMENT

Personal jurisdiction may be either "general" or "specific." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (U.S. 2011); *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). Whether general or specific, Plaintiff bears the burden of establishing a *prima facie* case that the court may exercise personal jurisdiction over the defendant. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Where, as here, the defendant submits evidence in opposition, "the plaintiff must go beyond the pleadings and submit affirmative evidence" in support of jurisdiction that rebuts the defendant's evidence. *Id.* at 783.

In this case, because Plaintiff's claims are based on federal question jurisdiction, personal jurisdiction over Defendant only exists if federal law or Illinois law authorizes service of process. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Because Illinois' long-arm statute is coextensive with the Fourteenth Amendment, the question of personal jurisdiction—specific or general—must be decided under a federal due process analysis. *See* 735 ILCS 5/2-209; *Kipp v. Ski Enterprise Corp. of Wisc., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (discussing due process analysis); *Mobile Anesthesiologists*, 623 F.3d at 443 (same). Under the Supreme Court's and Seventh Circuit's

precedent, discussed below, the Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction.

### A. This Court Lacks Specific Jurisdiction Over Defendant Because the Underlying Facts Have No Connection with Illinois and Defendant Lacks Systematic and Continuous Contact with Illinois.

For a court to exercise personal jurisdiction consistent with due process the defendant must have sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Specific jurisdiction requires "(1) intentional conduct . . . ; (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tamburo*, 601 F.3d at 702 (applying *Calder v. Jones*, 465 U.S. 783 (1984)). That is, the defendant's contacts with the forum state must be what "give rise to the liabilities sued on" ***and*** those contacts must be "continuous and systematic." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) ("'the commission of some single or occasional acts of the corporate agent in a state' may sometimes be enough to subject the corporation to jurisdiction in that State's tribunals with respect to suits *relating to that in-state activity*") (quoting *Intern'l Shoe*, 326 U.S. at 317 (emphasis supplied)); *Tamburo*, 601 F.3d at 702 ("[t]o support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction"). Further, due process requires that a defendant be sued in a forum state "based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with *other persons* affiliated with the State." *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis supplied)). Thus, the contacts relevant to specific jurisdiction are those contacts with

the forum state that are both related to the lawsuit and created by the defendant. *Walden*, 134 S. Ct. at 1121-22.

In the present case, this Court lacks specific personal jurisdiction because Defendant does not have "continuous and systematic" contacts with Illinois and none of the underlying facts and circumstances that "give rise to the liabilities sued on" occurred in Illinois. *Daimler*, 134 S. Ct. at 754. With respect to the first part of the analysis, it is undisputed that Defendant's contacts with Illinois are nonexistent because it does not conduct business in Illinois, maintain corporate offices in Illinois, own or lease real property in Illinois, and is not registered to do business in Illinois. (*See* Flores Dec. ¶¶ 7, 11, 13, 17.) Rather, the extremely limited business conducted in Illinois under the "Spectrum" brand name is carried out exclusively by the Spectrum Entities, which are completely separate corporate entities from Defendant. (*Id.* ¶ 5.)

With respect to the second part of the analysis, neither Defendant nor the Spectrum Entities engaged in any activity in or directed at Illinois that relates in any way to Plaintiff's claims. Plaintiff is a resident of Wisconsin who has a Wisconsin cell phone number on which he claims to have received "unauthorized" calls from Defendant. (Compl. ¶ 7; Watstein Dec. ¶ 5 & Ex. A.) And while Plaintiff's Complaint alleges (inaccurately) that some of those purportedly "unauthorized" calls "originated from phone numbers utilized by Defendant" in this judicial district, that conclusory, unfounded allegation is proven false by the evidence before this Court. Specifically, as set forth above, Defendant does not have any business operations in Illinois, and it does not maintain call centers or place marketing calls originating from within Illinois or using Illinois phone numbers. (Flores Dec. ¶¶ 7, 17-18.) And when Defendant's counsel asked Plaintiff's counsel for the numbers from which Defendant allegedly called Plaintiff, Plaintiff's counsel provided Defendant's counsel one *Wisconsin* telephone number ((262) 214-1277) and a

1-800 number that did not originate in Illinois. (Watstein Dec. ¶ 9 & Ex. C.) Further, the evidence establishes that neither Defendant nor the Spectrum Entities (or their vendors responsible for marketing activities) placed a call to Plaintiff from Illinois or using an Illinois phone number. (Flores Dec. ¶ 18.) These facts are dispositive of the specific jurisdiction inquiry. *See, e.g.*, *Price v. Schlee & Stillman, LLC*, No. 16 C 8020, 2017 WL 2311229, at *3 (N.D. Ill. May 26, 2017) (granting motion to dismiss for lack of personal jurisdiction in Fair Debt Collection Practices Act case filed in Illinois where collection letter was sent from Kentucky to Massachusetts).

The Seventh Circuit's decision in *Mobile Anesthesiologists Chicago*, 623 F.3d at 444-47, is instructive. There, the plaintiff, a Chicago-based anesthesia practice, sued a Houston, Texas based anesthesia practice for violation of federal cyber-squatting statutes. *Id.* The plaintiff argued the Illinois federal court had specific jurisdiction over the defendant because its sole principal, a physician, was a member of two professional organizations headquartered in Illinois. *Id.* This Court dismissed the action for lack of specific jurisdiction and the Seventh Circuit affirmed, holding that the defendant did not purposefully direct its activities at Illinois and that none of the alleged wrongdoing was "expressly aimed" at Illinois. *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). The court went on to hold that a "defendant's intentional tort [or alleged violation of a federal statute] creates the requisite minimum contacts with a state ***only when the defendant expressly aims [the] actions [that give rise to the claim] at the state with the knowledge that they would cause harm to the plaintiff there***." *Id.* (emphasis supplied) (discussing *Wallace v. Herron*, 778 F.2d 391, 394 (7th Cir. 1985), as correct application of Supreme Court specific jurisdiction standard); *see also Michaels v. Micamp Merch. Servs.*, No. 13-191E, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013) (no specific personal jurisdiction in

7

Pennsylvania over defendants who allegedly violated TCPA by calling plaintiff's cellular telephone because there was no evidence that defendants "expressly aimed their conduct at *Pennsylvania*" as "Plaintiff's cellular telephone number [bore] a Florida area code, not one registered to Pennsylvania").

Here, Defendant has no contacts with Illinois and neither it nor any of the Spectrum Entities directed any of the conduct that serves as the basis for this lawsuit at Plaintiff in Illinois—let alone conduct expressly aimed at causing damage or injury to Plaintiff in Illinois. Accordingly, this Court lacks specific personal jurisdiction over Defendant.

**B. Defendant is Not Subject to General Jurisdiction Because it Lacks Corporate Operations in Illinois and is Not "at Home" in Illinois.**

Nor is Defendant subject to general jurisdiction in Illinois. "General jurisdiction calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 132 S. Ct. at 762. As the Seventh Circuit has observed, the Supreme Court has "raised the bar" for federal courts exercising general jurisdiction, holding that its exercise is rarely appropriate. *Kipp*, 783 F.3d at 698 (quoting *Goodyear*, 131 S. Ct. at 2851, and granting motion to dismiss for lack of personal jurisdiction). Specifically, general jurisdiction over a corporation requires "continuous corporate operations within a state . . . so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." *Daimler*, 124 S. Ct. at 761 (quoting *International Shoe*, 326 U.S. at 318). A sufficiently substantial corporate presence is automatically found at the defendant's place of incorporation and its principal place of business. *Daimler*, 134 S. Ct. at 760. For general jurisdiction to be appropriate elsewhere, however, the court must find that the corporation's activities in a state are *more than* "substantial, continuous, and systematic"—that they are *so*

*substantial* that the corporation "is fairly regarded as at home" there. *Goodyear*, 564 U.S. at 924; *Kipp*, 783 F.3d at 698 (citations omitted).

Here, it is undisputed that Charter is a Delaware corporation with its principal place of business in Stamford, Connecticut, (Flores Dec. ¶ 6), meaning Plaintiff must show Defendant "is fairly regarded as at home" in Illinois in order to show that general jurisdiction is proper. *Goodyear*, 564 U.S. at 924; *Kipp*, 783 F.3d at 698 (citations omitted). Plaintiff cannot satisfy this heavy burden because Defendant is not registered to do business in Illinois and does not have employees, operations, corporate offices or real estate in Illinois. (*See* Flores Dec. ¶¶ 6-7, 11, 13, 17.) These facts, standing alone, require dismissal of Plaintiff's Complaint under a general jurisdiction analysis. *See, e.g.*, *Daimler*, 124 S.Ct. at 761; *Goodyear*, 564 U.S. at 924; *Kipp*, 783 F.3d at 698.

Nor can the business operations of the non-party Spectrum Entities be imputed to Defendant in determining whether Defendant is "at home" in Illinois. *Abelesz*, 692 F.3d at 658–59 (jurisdictional contacts of parent or subsidiary corporation cannot be imputed to each other absent exceptional circumstances) (citations omitted); *Kolcraft Enter., Inc. v. Artsana USA, Inc.*, No. 13 C 4863, 2014 WL 3865814, at *3 (N.D. Ill. Aug. 6, 2014) (Ellis, J.) ("What is clear from *Daimler* is that, for a court to exercise general jurisdiction over a foreign corporation, that corporation itself—not its managing agent or subsidiary or affiliate—must be 'at home' in the forum state.").

And even if the operations of the Spectrum Entities *could* be imputed to Defendant, Plaintiff still could not carry his heavy burden of demonstrating that Defendant is "at home" in Illinois under *Goodyear* and *Daimler*. *Nicholson v. E-Telequote Ins. Inc.*, No. 14–cv–4269, 2015 WL 5950659, at *4 (N.D. Ill. Oct. 13, 2015) (granting motion to dismiss for lack of personal

jurisdiction in TCPA case where court assumed, for purposes of argument, that Illinois operations of co-defendant could be imputed to separate corporate defendant with no operations in Illinois). That is because, as discussed above, the Spectrum Entities conduct just a tiny fraction of their nationwide business in Illinois. (*See* Flores Dec. ¶ 8-10, 12, 14-16.) For example, the Spectrum Entities employ *less than one half of one percent* of their workforce in Illinois, service *less than one percent* of their subscribers in Illinois, derive *less than one percent* of their revenue from Illinois, and own or lease *less than a fraction of one percent* of their total real estate in Illinois, and almost all such employees, real estate and subscribers are outside of Illinois.[2] (*Id.*)

Such limited operations in Illinois are insufficient to establish general jurisdiction as a matter of law. *See, e.g.*, *uBID v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (holding defendant, which was headquartered in Arizona, advertised extensively in Chicago-area stadiums and nationally, had "hundreds of thousands" of Illinois customers, and earned "many millions of dollars of revenue" in a single year from its Illinois customer base, was not subject to general jurisdiction in Illinois); *NExTT Solutions, LLC v. XOS Tech., Inc.*, 71 F. Supp. 3d 857, 865 (N.D. Ind. 2014) (granting motion to dismiss defendant software developer that derived significant revenue from forum state, had employees physically present in forum state, and had been registered to do business in forum state previously); *My Canary LLC v. Cessna Aircraft Co.*, No. 16 CV 4000, 2017 WL 201373, at *3-4 (N.D. Ill. Jan. 18, 2017) (granting motion to dismiss for lack of personal jurisdiction where defendants had some employees and business operations in Illinois); *Perez v. Air & Liquid Sys., Corp.*, No. 3:16-CV-00842-NJR-DGW, 2016 WL 7049153, at *4-5 (S.D. Ill. Dec. 2, 2016) (granting motion to dismiss defendant General

---

[2] Further, as discussed above, the Spectrum Entities do not operate call centers in Illinois or place marketing calls to Wisconsin using Illinois phone numbers. (Flores Dec. ¶ 17.)

Electric for lack of personal jurisdiction despite having 4,300 employees and over 500,000 square feet of real estate in Illinois); *Kincaid v. Synchrony Fin.*, No. 16-cv-796, 2016 WL 4245533, at *3 (N.D. Ill. Aug. 11, 2016) (granting motion to dismiss for lack of personal jurisdiction in TCPA case where defendant's subsidiary employed 2.8% of total workforce in Chicago and defendant's website listed Chicago as a "key" site, along with 21 other national offices); *Patera v. Bartlett*, No. 15 C 50190, 2016 WL 773225, at *2 (dismissing CitiBank defendants for lack of personal jurisdiction and holding that "[h]aving employees, complying with state licensing requirements, having a regional office, [and] soliciting and making loans in Illinois does not distinguish the Citi Defendants' activities in Illinois from their activities in every other state where they act similarly").

If, as discussed above, defendants with national operations like CitiBank, General Electric, and Synchrony are not subject to general jurisdiction in this Court based on their many business operations in Illinois (directly or through corporate subsidiaries and affiliates), then there is no question that the Court lacks general jurisdiction over Defendant under the circumstances presented in this case.

### IV. CONCLUSION

As set forth above, the indisputable evidence establishes that Plaintiff's claims do not arise out of any activities that Defendant (or even any of the Spectrum Entities) directed at Illinois. In fact, Plaintiff's claims *bear no connection whatsoever to Illinois*. Therefore, there is no specific jurisdiction over Defendant in Illinois. Nor is there general jurisdiction, as Defendant is not "at home" in Illinois under binding Supreme Court precedent. For these reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction.

Respectfully submitted, this 15th day of June, 2017.

/s/ Ethan E. White
Ethan E. White
LEONARD MEYER, LLP
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
Tel: (312) 380-6634
ewhite@leonardmeyerllp.com

Ryan D. Watstein (*pro hac vice pending*)
Nathan Chapman (*pro hac vice pending*)
Daniel H. Gaynor (*pro hac vice pending*)
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Tel: (404) 400-7307
rwatstein@kcozlaw.com
nchapman@kcozlaw.com
dgaynor@kcozlaw.com

*Attorneys for Defendant Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing document by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on June 15, 2017.

                                                RESPECTFULLY SUBMITTED,

Dated: June 15, 2017                    By:     /s/ Ethan E. White

**LEONARDMEYER LLP**
Ethan E. White
120 North LaSalle, Suite 2000
Chicago, Illinois 60601
(312) 380-6634 (direct)
ewhite@leonardmeyerllp.com